UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ELIZABETH VELAZQUEZ,

                        Plaintiffs,                             **COMPLAINT**
    - against -                                    **WITH JURY DEMAND**

CITY OF NEW YORK, DEPUTY INSPECTOR
ANDRE BROWN, LIEUTENANT HANSEL DURAN
sued in his individual and official capacity,

                              Defendants.
---------------------------------------------------------------X

      Plaintiff, by her attorneys AVALLONE & BELLISTRI, LLP, complaining of Defendants, allege:

## NATURE OF ACTION

      1.     This is an action for declaratory relief and damages to secure protection of and to redress deprivation of rights secured by the United States Constitution, Title VII of the Civil Rights Act of 1964 ("Title VII"), New York State Executive Law §296, New York City Human Rights Law, New York City Administrative Code §8-107, and providing for relief against discrimination in employment and to correct unlawful employment practices on the basis of the Plaintiffs' gender, association discrimination, retaliation for having filed complaints of harassment and hostile work environment. This action also seeks relief for violations of the Civil Rights Acts 42 U.S.C §1983.

      2.     Additionally, this claim seeks money damages, both accrued and prospective, on behalf of the Plaintiff and attorney's fees pursuant to 42 U.S.C §1988.

## JURISDICTION

3.      The jurisdiction of this Court is invoked based upon federal questions. Further the jurisdiction of this Court is invoked pursuant to the New York State Constitution, the Constitution of the United States, 28 U.S.C §1343(3) and (4) and 28 U.S.C. 1331 as well as 42 U.S.C. §2000e through 2000e(15) and New York State Executive Law §296, and the New York City Human Rights Law.

4.      The rights, privileges and immunities sought herein to be redressed are those secured by the equal protection and due process clauses of the Fourteenth Amendment of the United State Constitution and the exercise of free speech of association under the First Amendment of the United States Constitution; provisions against gender based on 42 U.S.C §1983, and guidelines and rules promulgated thereunder, along with the applicable provisions of New York State Constitution and the New York City Human Rights Law.

5.      Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to the State and City claims set forth herein.

## VENUE

6.      Venue exists in Southern District of New York, County of New York, and State of New York, based upon Defendants' place of business.

7.      Further, the causes of action accrued with New York State (specifically within the City Of New York) based upon the situs of all acts charged and based upon violations of the United States Constitution, New York State Constitution and the New York State Executive Law, and the New York City Human Rights Law and Administrative Code.

## SATISFACTION OF PREREQUISITES UNDER TITLE VII

8.      On or about September 20, 2019, Plaintiff, ELIZABETH VELASQUEZ, in accordance with applicable law, filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which receives and investigates charges of discrimination as set forth by the Federal Anti-Discrimination Law, including Title VII or the Civil Rights Act, as amended.

9.      Said Verified Complaint charged that Defendants engaged in unlawful employment discrimination practices based upon gender, harassment, hostile work environment and in retaliation for engaging in protected activity.

10.     On or about January 15, 2020 the EEOC issued "Right to Sue" Letter advising Plaintiff of the completion of her prerequisites to file suit in federal court. Plaintiff received said Right to Sue Letter on January 21, 2020. A copy of the "Right to Sue" Letter issued to Plaintiff is annexed hereto as **Exhibit "A"**.

## INTRODUCTION

11.     This is an action for equitable relief and money damages on behalf of the Plaintiff ELIZABTH VELAZQUEZ who was being deprived of her constitutional and statutory rights as an employee of City of New York, as a result of Defendants, THE CITY OF NEW YORK, DEPUTY INSPECTOR, ANDRE BROWN, and LIEUTENANT HANSEL DURAN gender, sexual harassment and association discrimination, and/or retaliation and for creating a hostile work environment.

12.     Plaintiff ELIZABETH VELAZQUEZ was at all times relevant a female residing in Orange County, New York whose principal place of work at all relevant times was the 48th Precinct of the New York City Police Department located in Bronx, New York.

13.     Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and

authorized under the laws of the CITY and State of New York. CITY is authorized by law to maintain a Police Department that acts as its agent and for which it is ultimately responsible.

14.    Defendant DEPUTY INSPECTOR ANDRE BROWN ("BROWN") was at all relevant times a Deputy Inspector for the New York City Police Department and is acting in such capacity at all relevant times herein. Defendant BROWN was at all relevant times Plaintiff's supervisor at the 48th Precinct at the Commanding Office and is sued in his individual and official capacity.

15.    Defendant LIEUTENANT HANSEL DURAN ("DURAN") was at all relevant times a Lieutenant for the New York City Police Department and is acting in such capacity at all timers relevant herein. Defendant DURAN was at all relevant times Plaintiff's supervisor at the 48th Precinct Commanding Office and is sued in his individual and official capacity.

## FACTS

16.    Plaintiff is a Hispanic female who was employed by the New York City Police Department. Plaintiff began her employee on July 1, 1998 and retired in August 2019.

17.    On or about February 18, 2019 Plaintiff started a Commanding Office Clerical position in the 48th Precinct under Deputy Inspector Andre BROWN and Lieutenant Hansel DURAN. Plaintiff took this position at the request of Deputy Inspector Andre BROWN.

18.    Soon thereafter Plaintiff began experience inappropriate and harassing comments from BROWN.

19.    In or around February, 2019 BROWN made comments about Plaintiff's appearance at the Christmas party that took place in December 2018. BROWN told Plaintiff that she "looked so nice that night" and BROWN asked Plaintiff if "she was tipsy" that night.

20.    Shortly after the initial comments, BROWN continued to make sexually charged comments towards Plaintiff following her trip to Miami, Florida. Plaintiff was asked by BROWN if she went to the nude section of the beach. BROWN also said that Plaintiff should go with him to a nude beach together and asked if she liked to let her "breasts hang out".

21.    Each time BROWN directed sexually charge comments towards Plaintiff, she would change the subject and rejected any inappropriate advances.

22.    Soon after Plaintiff rejected BROWN's advances, Plaintiff was pulled from her Commanding Office Clerical Position, which is a preferred position within the precinct, and sent back to street patrol duty despite other less senior police officers being available.

23.    Once Plaintiff was pulled off of her clerical position and reassigned, Plaintiff was continually denied overtime by BROWN in retaliation for spurning his advances.

24.    In or around May 2019, Lieutenant Duran, brought Plaintiff into his office and informed Plaintiff that BROWN needed to see her days off from March to present. DURAN did not approach any other officer in the precinct on behalf of BROWN regarding days off. Plaintiff was the only officer being asked to produce this information. When Plaintiff asked as to why DURAN was looking into her days off, DURAN had no legitimate reason other than to say "that's what the C.O. wants." BROWN was the commanding officer.

25.    In or around June 2019, Plaintiff continued to experience harassment from BROWN. During this time BROWN would single Plaintiff out by asking her to go out to dinner with him. Plaintiff refused his advances.

26.    On or around June 12, 2019 Plaintiff filed an internal complaint with the NYPD EEO regarding the sexual harassment, gender discrimination, hostile work environment and retaliation she

was experiencing regularly from her superiors at the 48th Precinct. Plaintiff never received any response regarding the internal complaint while employed with the NYPD.

27.     On or around July 27, 2019, co-worker Officer Galeano requested that an officer take his overtime due to a family matter. Plaintiff offered to take Galeano's overtime and was unable to as Galeano told her that Lieutenant DURAN would not permit Galeano to giving his overtime to Plaintiff.

28.     During this time, Plaintiff decided she would have to retire due to the emotional distress caused by the discrimination, sexual harassment and retaliation being carried out by the defendant superiors.

29.     On or around August 20, 2019 Lieutenant DURAN told Plaintiff that he needed to see copies of her memo book for days off dating back to March. Plaintiff informed DURAN that "roll call" had the necessary information as Plaintiff was not required to write in her memo book if she did not go on patrol.  No other Officer was asked to prior this information via the memo book.

30.     On or around August 26, 2019, Plaintiff was issued a command discipline relating to the memo book for an issue dating back to May 10, 2019 incident following Plaintiff's refusal to go out on a date with defendant BROWN. On May 10, 2019 Plaintiff was scheduled for a 911 monitoring appointment. Plaintiff felt sick that day and called the desk officer informing him that that appointment had been rescheduled. The desk officer was responsible for noting the change and as such Plaintiff's memo book did not have any information regarding these dates. The command discipline was not issued to the desk officer but only Plaintiff as part of the retaliation against her.

31.     August 28, 2019 was Plaintiff's last day on patrol. Plaintiff was told by Sergeant Rios that she and her partner would remain in the precinct for the day to do the necessary retirement paperwork and to hand in any NYPD issued equipment. Sergeant Rios told her that the patrol unit was

not short that day and so it would not be an issue. Shortly thereafter, BROWN called the precinct while he was on vacation and ordered that Plaintiff be placed on foot patrol with no vehicle.

32.    Plaintiff immediately contacted Chief Rooney, BROWN'S Supervisor, and stopped the foot assignment and told Plaintiff that he was shocked that Defendant BROWN was making decisions about Plaintiff while on vacation and on her last day as a Police Officer.

33.    BROWN's action of assigning Plaintiff to foot patrol on her last day as a Police Officer was another act of harassment and one final act of retaliation for Plaintiff's repeated rejection of BROWN's sexual advances and discriminatory actions.

34.    On August 28, 2019 Plaintiff retired from the NYPD due to the mental, physical and emotional stress caused by the repeated acts of gender discrimination, sexual harassment and retaliation done by the NYD and her superiors.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR GENDER DISCRIMINATION AGAINST CITY OF NEW YORK
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

35.    Plaintiff repeats and realleges paragraphs 1 through 34 and incorporates them by reference as if fully stated herein.

36.    Plaintiff alleges that Defendant CITY through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the Plaintiff's gender in violation of 42 U.S.C. § 2000e-2.

37.    As part of its pattern and practice of employment discrimination, Defendant through its agents treated Plaintiff in a manner indicative of gender discrimination.

38.    Defendant knew or should have known about the gender discrimination in the workplace.

39.     Defendant failed and refused to take appropriate action to end the discriminatory treatment and conditions which Plaintiff was subjected to, which was clearly motivated by gender in a clear demonstration of bad faith.

40.     That as a result of the discriminatory acts of Defendant through its agents, Plaintiff suffered emotional distress, humiliation and embarrassment, economic, legal and related expenses.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR SEXUAL HARASSMENT AGAINST CITY OF NEW YORK
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

41.     Plaintiff repeats and re-alleges paragraphs 1 through 40 and incorporates them by reference as if more fully stated herein.

42.     Plaintiff alleges that Defendant through its agents engaged in a pattern and practice of sexual harassment against her with respect to the terms, conditions and privileges of employment because of the Plaintiff's gender in violation of 42 U.S.C. § 2000e-2.

43.     As part of its pattern and practice of employment discrimination, Defendant through its agents subjected Plaintiff to sexual harassment and failed to take corrective action to stop the harassment.

44.     Defendant knew or should have known about the sexual harassment in the workplace.

45.     Defendant failed and refused to take appropriate action to end the sexual harassment to which Plaintiff was subjected to, which was clearly motivated by gender in a clear demonstration of bad faith.

46.     That as a result of the discriminatory acts of Defendants through its agents, Plaintiff suffered emotional distress.

47.     As a result of the acts of Defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, economic, legal and related expenses.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR RETALIATION AGAINST CITY OF NEW YORK
### IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

48.     Plaintiff repeats and re-alleges paragraphs 1 through 47 and incorporates them by reference as if fully stated herein.

49.     Plaintiff alleges that Defendant through its agents engaged in retaliation against Plaintiff as a result of her complaining about the discriminatory treatment in violation of 42 U.S.C. §2000e-3(a).

50.     That as a result of the discriminatory acts of Defendant CITY through its agents, Plaintiff suffered emotional distress.

51.     As a result of the acts of Defendant under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, economic, legal and related expenses.

### AS AND FOR A FORTH CAUSE OF ACTION
### FOR HOSTILE WORK ENVIRONMENT AGAINST
### CITY OF NEW YORKAGAINST CITY OF NEW YORK
### IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

52.     Plaintiff repeats and re-alleges paragraphs 1 through 51 and incorporates them by reference as if fully stated herein.

53.     Plaintiff alleges that Defendant through its agents created and condoned a hostile work environment against Plaintiff in violation of 42 U.S.C. §2000e-3(a) et al.

54.     That as a result of the aforementioned discriminatory acts of Defendant CITY through its agents, Plaintiff suffered emotional distress.

55.     As a result of the acts of Defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, economic, legal and related expenses.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR GENDER DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. §1983

56.     Plaintiff repeats and re-alleges paragraphs 1 through 55 and incorporates them by reference as if fully stated herein.

57.     Plaintiff alleges that Individual Defendants through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the Plaintiff's gender in violation of 42 U.S.C. 1983.

58.     All of the acts and conduct of Defendants, by and though its agents, herein stated were done under color of state law, while in the performance of their duties as employees and supervisors for the NYPD.

59.     As part of its pattern and practice of employment discrimination, Individual Defendants through its agents treated Plaintiff in a manner indicative of gender discrimination, with respect to its failure to take corrective action.

60.     The facts and circumstances cited above are in violation of Plaintiff's Fourteenth Amendment right under the Equal Protection Clause of the United States Constitution to be free from retaliation, discrimination and harassment in her employment with the CITY and the NYPD.

61.     Individual Defendants knew or should have known about the gender discrimination, Retaliation and Sexual Harassment in the workplace by condoning and failing to properly investigate and address the allegations made by the Plaintiff and retaliation and harassment by these Defendants against Plaintiff for lawfully speaking out against the Defendants regarding their unlawful conduct.

62.     Defendants failed and refused to take appropriate action to end the discriminatory treatment and conditions which Plaintiff was subjected to, which was clearly motivated by gender and her exercising her right to complain in a clear demonstration of bad faith.

63.     That as a result of the discriminatory acts of Individual Defendants through its agents, Plaintiff suffered emotional distress.

64.     As a result of the acts of Defendants aforementioned conduct under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, economic and legal and related expenses.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR SEXUAL HARASSMENT
## IN VIOLATION OF 42 U.S.C. §1983

65.     Plaintiff repeats and re-alleges paragraphs 1 through 64 and incorporates them by reference as if fully stated herein.

66.     All of the acts and conduct of Individual Defendants, by and though its agents, herein stated were done under color of state law, while in the performance of their duties as employees and supervisors for the NYPD.

67.     Plaintiff alleges that all individual Defendants through its agents engaged in a pattern and practice of sexual harassment and condoning such conduct because of the Plaintiff's gender in violation of 42 U.S.C. 1983.

68.     The facts and circumstances cited above are in violation of Plaintiff's Fourteenth Amendment right under the Equal Protection Clause of the United States Constitution to be free from retaliation, discrimination and harassment in her employment with the CITY and the NYPD.

69.     As part of its pattern and practice of employment discrimination, all individual Defendants through its agents treated Plaintiff in a manner indicative of sexual harassment, with respect to its failure to take corrective action.

70.     All individual Defendants knew or should have known about the sexual harassment in the workplace.

71.     All individual Defendants failed and refused to take appropriate action to end the sexual harassment to which Plaintiff was subjected, which was clearly motivated by gender in a clear demonstration of bad faith.

72.     That as a result of the discriminatory acts of all individual Defendants through its agents, Plaintiff suffered emotional distress.

73.     As a result of the acts of all individual Defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, economic, legal and related expenses.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR RETALIATION
## IN VIOLATION OF 42 U.S.C. §1983

74.     Plaintiff repeats and re-alleges paragraphs 1 through 73 and incorporates them by reference as if fully stated herein.

75.     Plaintiff alleges that Individual Defendants through its agents engaged in retaliation against Plaintiff as a result of her complaining about the discriminatory treatment in violation of 42 U.S.C. 1983.

76.     All of the acts and conduct of Defendants, by and though its agents, herein stated were done under color of state law, while in the performance of their duties as employees and supervisors for the NYPD.

77.     The facts and circumstances cited above are in violation of Plaintiff's Fourteenth Amendment right under the Equal Protection Clause of the United States Constitution to be free from retaliation, discrimination and harassment in her employment with the CITY and the NYPD.

78.     That as a result of the discriminatory acts of the individual Defendants through its agents, Plaintiff suffered emotional distress, anxiety and mental damages.

79.     As a result of the acts of Individual Defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, economic, legal and related expenses.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### FOR HOSTILE WORK ENIRONMENT
### <u>IN VIOLATION OF 42 U.S.C. §1983</u>

80.     Plaintiff repeats and re-alleges paragraphs 1 through 79 and incorporates them by reference as if fully stated herein.

81.     Plaintiff alleges that Defendants through its agents created and condoned a hostile work environment against Plaintiff in violation of 42 U.S.C. 1983.

82.     The facts and circumstances cited above are in violation of Plaintiff's Fourteenth Amendment right under the Equal Protection Clause of the United States Constitution to be free from retaliation, discrimination and harassment in her employment with the CITY and the NYPD.

83.     All of the acts and conduct of Defendants, by and though its agents, herein stated were done under color of state law, while in the performance of their duties as employees and supervisors for the NYPD.

84.     That as a result of the discriminatory acts of Defendants through its agents, Plaintiff suffered emotional distress.

85.    As a result of the acts of Defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, economic, legal and related expenses.

## AS AND FOR A NINTH CAUSE OF ACTION
## FOR GENDER DISCRIMINATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW §290 et seq.

86.    Plaintiff repeats and re-alleges paragraphs 1 through 85 and incorporates them by reference as if fully stated herein.

87.    New York State Executive Law § 290 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender.

88.    Based upon the foregoing, Defendants' discriminated against the Plaintiff based upon her gender.

89.    As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of gender discrimination and great humiliation, loss of career opportunity, income and related benefits, and emotional distress.

## AS AND FOR A TENTH CAUSE OF ACTION
## FOR SEXUAL HARASSMENT IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW §290 et seq.

90.    Plaintiff repeats and re-alleges paragraphs 1 through 89 and incorporates them by reference as if fully stated herein.

91.    New York State Executive Law § 290 et seq., makes it unlawful to sexually harass any individual in the terms, conditions, or privileges of employment.

92.    Based upon the foregoing, Defendants' tolerated and condoned the sexually harassment of Plaintiff by Defendant BROWN.

93.    As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of sexual harassment and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### FOR RETALIATION IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW §290 et seq.

94.    Plaintiff repeats and re-alleges paragraphs 1 through 93 and incorporates them by reference as if fully stated herein.

95.    New York State Executive Law § 290 et seq., makes it unlawful to retaliate against any individual in the terms, conditions, or privileges of employment for engaging in protected activity, i.e. for complaining about discrimination.

96.    Based upon the foregoing, Defendants' unlawfully retaliated against Plaintiff for complaining about the unlawful employment practices of sexual harassment, retaliation and hostile work environment to which she has been subjected.

97.    As a direct and proximate result of the unlawful employment practices of Defendants' Plaintiff has suffered the indignity of retaliation and great humiliation loss of career opportunity, income and related benefits, emotional distress.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### FOR HOSTILE WORK ENIRONMENT IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW §290 et seq.

98.    Plaintiff repeats and re-alleges paragraphs 1 through 97 and incorporates them by reference as if fully stated herein.

99.    New York State Executive Law § 290 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender.

The law also makes it unlawful to create a severe and hostile environment where retaliation is encouraged, tolerated and condoned.

100.    As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of a hostile work environment and great humiliation loss of career opportunity, income and related benefits, emotional distress.

101.    As a further and proximate result of these unlawful employment practices, Plaintiff has suffered emotional distress, mental anguish, severe disruption of her personal life and her professional life, and loss of enjoyment in the ordinary pleasures of life.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
**FOR GENDER DISCRIMINATION IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE §8-101 et seq.**

102.    Plaintiff repeats and re-alleges paragraphs 1 through 101 and incorporates them by reference as if fully stated herein.

103.    The New York City Administrative Code §8-101 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender.

104.    Based upon the foregoing, Defendants' discriminated against the Plaintiff based upon her gender.

105.    As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of gender discrimination and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
**FOR SEXUAL HARASSMENT IN VIOLATION OF**
**<u>NEW YORK CITY ADMINISTRATIVE CODE §8-101 et seq.</u>**

106.    Plaintiff repeats and re-alleges paragraphs 1 through 105 and incorporates them by reference as if fully stated herein.

107.    New York City Administrative Code §8-10 et seq., makes it unlawful to sexually harass any individual in the terms, conditions, or privileges of employment.

108.    Based upon the foregoing, Defendants' sexually harassed Plaintiff.

109.    As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of sexual harassment and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
**FOR RETALIATION IN VIOLATION OF**
**<u>NEW YORK CITY ADMINISTRATIVE CODE §8-101 et seq.</u>**

110.    Plaintiff repeats and re-alleges paragraphs 1 through 109 and incorporates them by reference as if fully stated herein.

111.    New York City Administrative Code §8-10 et seq., makes it unlawful to retaliate against any individual based upon complaints concerning the terms, conditions, or privileges of employment on the basis of sexual orientation, gender and race.

112.    Based upon the foregoing, Defendants' retaliated against the Plaintiff based upon her engagement in protected activity, in that Plaintiff complained about the discriminatory treatment.

113.    As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of sexual harassment, gender discrimination, hostile work

environment and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
### FOR HOSTILE WORK ENIRONMENT IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE §8-101 et seq.

114.     Plaintiff repeats and re-alleges paragraphs 1 through 113 and incorporates them by reference as if fully stated herein.

115.     New York City Administrative Code §8-10 et seq., makes it unlawful to create and/or condone a hostile working environment.

116.     Based upon the foregoing, Defendants' created, tolerated and condoned a hostile working environment.

117.     As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of a hostile working environment and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION PURSUANT
### TO 42 U.S.C. § 1983 FOR EQUAL PROTECTION
### VIOLATIONS AGAINST ALL DEFENDANTS

118.     Plaintiff repeats and re-alleges paragraphs 1 through 117 and incorporates them by reference as if fully stated herein.

119.     All of the acts and conduct of the Defendants herein stated were done under color of State law and custom and practice while performing their duties as Supervisors for the New York City Police Department.

120.    The facts and circumstances cited above are in violations of Plaintiff's First

Amendment right under the Equal Protection Clause to be free from gender, retaliation, harassment

and a hostile work environment in her employment with NYPD.

121.    By these actions, Defendants have jointly and separately deprived the Plaintiff of her

rights under the First Amendment Freedom of Speech to the United States Constitution in violation of

42 U.S.C. §1983 and New York State Executive Law §296.

122.    Plaintiffs allege that Defendants' violations caused Plaintiffs to sustain emotional and

economic damages.


## JURY TRIAL

123.    Plaintiffs demand a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands compensatory and punitive damages from these

Defendants CITY, BROWN and DURAN jointly and severally, in an amount to be determined at

trial, plus any statutory remedies, both legal and equitable, and interests and costs.


Dated: April 14, 2020
        Lake Success, New York

                                            Yours, etc.,

                                            AVALLONE & BELLISTRI, LLP
                                            Attorneys for Plaintiff


                                            BY: _____
                                            Rocco G. Avallone
                                            3000 Marcus Avenue, Suite 3E7
                                            Lake Success, New York 11042
                                            516-986-2500

# EXHIBIT "A"

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Elizabeth Velazquez**<br>**4 Marian Court**<br>**Warwick, NY 10990** | From: | **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2019-05675** | **Debra L. Richards,**<br>**Investigator** | **(929) 506-5307** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Judy Keenan*                                                01/15/2020

Enclosures(s)

**Judy A. Keenan,**                                          (Date Mailed)
**District Director**

cc:

**David Goldfarb, Esq.**
**Managing Attorney**
**NYPD LEGAL BUREAU**
**One Police Plaza, Room 1406**
**New York, NY 10038**

**Rocco G. Avallone. Esq.**
**Avallone & Bellistri**
**Attorneys & Counselors at Law**
**3000 Marcus Avenue, Suite 3E07**
**Lake Success, NY 11042**